UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Francis Wilson Mezan,
    Petitioner

    v.

U.S. Department of Homeland Security,
Acting Secretary Kevin K. McAleenan;
Immigration and Customs Enforcement,
Acting Field Office Director Marcos Charles;
and Strafford County Department of Corrections,
Superintendent Christopher Brackett,
    Respondents

Case No. 19-cv-816-SM
Opinion No. 2019 DNH 175

**O R D E R**

Before the court is Francis Wilson Mezan's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (document no. 1), which petitioner filed while being held at the Strafford County Department of Corrections ("SCDC"), in the custody of Immigration and Customs Enforcement ("ICE"). Mezan requests release or, in the alternative, an immediate bond hearing. For the reasons that follow, Mezan's petition is denied without prejudice.

**BACKGROUND**

Mezan was born in Khartoum, Sudan, in 1990. When he was nine years old, his father was killed, and his mother was kidnapped, detained, and beaten. Mezan's parents were purportedly targeted by the Sudanese government because of his

father's work for a Christian aid organization, the family's Christian religion, and imputed anti-government political opinions.  Mezan and his family fled Sudan, living as refugees in Egypt until Mezan was admitted to the United States in 2007, settling in Maine.  Mezan did not adjust his status to that of lawful permanent resident; he remained a refugee.

In August, 2011, Mezan was convicted in the Superior Court of Portland, Maine, for the offenses of criminal threatening with a firearm, and criminal threatening with a dangerous weapon.  As a result of his convictions, on September 22, 2011, ICE charged Mezan with removability under 8 U.S.C. § 1227(a)(2).  Mezan applied for adjustment of status and a refugee waiver, as well as asylum, and sought withholding and deferral of removal under the Convention Against Torture ("CAT").  An immigration judge ("IJ") denied substantive relief, but deferred removal to Sudan under the CAT.  Mezan's order of removal became final on August 27, 2012, after exhaustion of his appeal.

Mezan was released from custody in March of 2012.  In September and November of 2018, Mezan was convicted of several crimes, including: assault, driving while intoxicated, unlawful possession of a controlled substance, multiple probation violations, and failure to provide his correct name, address and date of birth.

As a result of Mezan's continued criminal activity, his case again came to ICE's attention. ICE determined that Mezan's parents were born in what is now the Republic of South Sudan (which gained independence from the Sudan in 2011). Because Mezan's parents were born in South Sudan, ICE reasoned that Mezan is likely a South Sudanese citizen. Accordingly, on November 29, 2018, ICE arrested Mezan so that South Sudanese officials could interview him to determine whether Mezan is, in fact, a citizen of South Sudan, and to decide whether to issue him a travel document. Since November 29, 2018, Mezan has been detained at the Strafford County Department of Corrections in Dover, New Hampshire.

On or about November 28, 2018, ICE provided Mezan with a Notice to Alien of File Custody Review, which stated that ICE would conduct his custody review on or about February 27, 2019, and that he could submit documentation to ICE in support of his release prior to that date. On December 4, 2018, ICE gave Mezan a Notice of Revocation of Release, which stated that ICE had revoked his release because his case was under review by South Sudan for issuance of a travel document that would allow ICE to effect his order of removal.

On December 20, 2018, Mezan filed a motion to reopen his removal proceedings with the Boston immigration court. He

3

sought to stop his removal to South Sudan, and to present evidence that he was entitled to deferral relief under the CAT. Mezan's motion was denied on February 11, 2019. Mezan appealed that denial, which appeal is currently pending before the Board of Immigration Appeals (BIA).

In February of 2019, Mezan filed a habeas corpus petition in this court. He sought to prevent his removal while he pursued his motion to reopen the removal proceedings. See Mezan v. DHS, et. al., 19-cv-000198-JL, U.S.D.C., D.N.H. ("Mezan I"). In the course of that action, Mezan and the Government reached an agreement. The Government agreed not to remove Mezan from the United States prior to the BIA's ruling on Mezan's motion to reopen his case, and Mezan filed a voluntary dismissal of the petition. As part of that agreement, Mezan acknowledged that a stay of removal would result in his continued detention. See Gov. Mot. to Dismiss, Exh. B, ¶ 4 and Attachment 1 (Mar. 1, 2019, email from petitioner's counsel stating, "we understand that [Mezan] will not be released."). The stipulated order of dismissal was approved by the court on March 7, 2019.

On August 5, 2019, Mezan filed this habeas corpus petition, in which he seeks an order of immediate release, or a bond hearing. The Government objects, and has moved to dismiss his Petition.

**DISCUSSION**

While this court's jurisdiction over immigration cases is curtailed by the REAL ID Act, 8 U.S.C. § 1252, the court may still review habeas challenges to unlawful immigration detention. See Aquilar v. U.S. Immigration & Customs Enforcement Div. of Homeland Sec., 510 F.3d 1, 11 (1st Cir. 2007) ("[D]istrict courts retain jurisdiction over challenges to the legality of detention in the immigration context."). Petitioner claims habeas relief on the grounds that his current post-removal detention is unlawful.

In support of his petition, Mezan argues that his continued detention is prohibited by the Supreme Court's holding in Zadvydas v. Davis, 533 U.S. 678 (2001), because he has been detained for more than six months, and his actual removal date is not reasonably foreseeable. Mezan says that he has raised meritorious challenges to his removal before the BIA, and, therefore, faces removal proceedings for an indefinite period of time. He further argues that an in-person custody determination must be provided under the due process clause, because he has been detained for longer than six months.[1]

---

[1] In his petition, Mezan also argued that he was unlawfully re-detained, and that the Government revoked his order of supervision without notice and an opportunity to be heard, in violation of 8 U.S.C. § 1231 and the Due Process Clause. He

5

The provisions of 8 U.S.C. § 1231(a)(6) apply to aliens, like Mezan, who are subject to a final order of removal.[2] In Zadvydas, the Supreme Court addressed constitutional limits upon the duration of post-removal-period detention under Section 1231. Typically, when a final order of removal has been entered, the Government "secures the alien's removal during a subsequent 90-day statutory 'removal period,'" during which time the alien is normally held in custody." Zadvydas, 533 U.S. at 682. However, in circumstances where detention extends beyond the 90-day statutory period, Section 1231(a)(6) provides that the alien "may be detained" beyond the removal period. The Supreme Court noted that indefinite mandatory detention following the issuance of a removal order and expiration of the removal period pursuant to § 1231(a)(6) would "raise serious constitutional concerns," id., and "construe[d] the statute to contain an implicit 'reasonable time' limitation," adopting six months after entry of the final removal order as a "presumptively reasonable period." Id. at 682, 701. After that six month period has passed, "once the alien provides good reason to believe that there is no significant likelihood of

---

subsequently withdrew that claim. See Pet.'s Mem. in Opp. To Mot. to Dismiss at n.1.

[2] Petitioner does not contend that 8 U.S.C. § 1226 applies to his current detention.

6

removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Mezan has been detained for longer than six months. Therefore, the first prong of Zadvydas is satisfied. At the core of this dispute is whether Mezan's removal date is reasonably foreseeable. As previously noted, the parties agreed in an earlier case that Mezan will not be removed from this country pending resolution of his appeal of the IJ's denial of his motion to reopen. But, says the Government, because South Sudan has agreed to accept Mezan, no obstacle exists to removing him following resolution of that appeal.

According to the Government, that Mezan remains in detention (rather than, presumably, residing in South Sudan) is a matter of his own choice, as he has chosen to seek stays of and challenge his removal. Mezan could readily agree to removal now and be free but for the fact that the parties agreed he would not be removed to South Sudan pending completion of his BIA appeal. Mezan's continued detention, the Government says, is due to that agreement. Moreover, the Government argues, Mezan has a criminal record, and, therefore, may be detained beyond the 90-day removal period, under the provisions of 8 U.S.C. § 1231(a)(6).

In response, Mezan argues that the Government cannot lawfully remove him to South Sudan, where, he contends, he is likely to be tortured, without first affording him the opportunity to apply for relief from removal to that particular country. Mezan concedes that this court is not the proper forum in which to challenge the legality of his removal to South Sudan (see pet.'s mem. in opp. at 8-9). But, he says, the point is nevertheless relevant to his present habeas proceeding because it bears on whether his removal date is reasonably foreseeable. Because he has raised a strong challenge to his removal, he says, it is not likely that he will be removed in the reasonably foreseeable future.

This case is not like Zadvydas, in that, unlike the petitioners in Zadvydas, Mezan's detention has a definite and certain end. In Zadvydas, the petitioners were in "removable-but-unremovable limbo," Jama v. Immigration & Customs Enf't, 543 U.S. 335, 347 (2005), either because the petitioners' country was unwilling to accept them, or because the United States did not have an extradition treaty with the petitioners' receiving countries. Zadvydas, 533 U.S. at 684-686. Here, South Sudan has issued Mezan a travel permit, which, although now since expired, demonstrates its willingness to accept Mezan. Indeed, the government represents that it is in the process of obtaining

an updated travel permit.  See Document No. 9-1 at ¶ 32.  So, pending resolution of his appeal, Mezan will definitely be released from detention, either to remain in the United States, or to be removed to South Sudan.  The delay in his removal is a function of his desire to remain and the government's agreement not to remove (pursuant to which Mezan understood "he [would] not be released"), pending the outcome of his BIA appeal.

As the Supreme Court wrote in Zadvydas, 533 U.S. at 701, the six-month "presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."  In contrast to the petitioners in Zadvydas, Mezan is not "condemned to an indefinite term of imprisonment within the United States."  Id. at 695.  The delay here is attributable to Mezan's efforts to reverse the removal order, and the government's indulgence. Mezan is certainly entitled to pursue that relief, but his claim that those efforts necessarily render his detention "indefinite" are not persuasive.

Mezan has not shown that there is no likelihood of his removal in the reasonably foreseeable future.  Therefore, Mezan's detention remains statutorily authorized, and his

petition will be dismissed, but without prejudice.  Petitioner's circumstances may change.  Therefore, in the event that he can make a showing that there is no significant likelihood of removal in the reasonably foreseeable future (or if he faces imminent removal and has a basis upon which to seek habeas relief), Mezan may file a new § 2241 petition.

**CONCLUSION**

For the reasons set forth above and in the government's objection to Mezan's petition (documents no. 9, 13), the court finds that Mezan has not satisfied his obligation to show that his removal is not likely in the reasonably foreseeable future. Accordingly, his petition for a writ of habeas corpus is **DENIED** without prejudice.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 1, 2019

cc:  All counsel of record